IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

SAC AND FOX NATION OF
MISSOURI; IOWA TRIBE OF
KANSAS AND NEBRASKA;
PRAIRIE BAND OF
POTAWATOMI INDIANS,

        Plaintiffs,

    vs.                  **Case No. 96-4129-RDR**

DIRK KEMPTHORNE, Secretary,
U.S. DEPT. of INTERIOR,

        Defendant.

_____

**MEMORANDUM AND ORDER**

I.   <u>Introduction</u>

    This case is now before the court upon defendant's motion to dismiss for lack of subject matter jurisdiction.  This case involves .52 acres of land (the "Shriner Tract") in Wyandotte County, Kansas which was taken into trust by the United States for the benefit of the Wyandotte Tribe of Oklahoma.  This lawsuit was filed before the land was purchased and taken into trust.  Shortly after the case was filed, a temporary restraining order (TRO) was granted to prevent the land from being taken into trust.  The TRO was appealed to the Tenth Circuit Court of Appeals.  The Tenth Circuit dissolved the TRO upon certain conditions designed to preserve the issues the parties sought to litigate, one of which was jurisdiction.  After the TRO was dissolved, the Shriner Tract was purchased and taken into trust by defendant.

After the TRO was dissolved and this case was returned by the Tenth Circuit to this court, the parties filed briefs regarding a large number of issues.  One of those issues was jurisdiction. Defendant argued that this court did not have jurisdiction by virtue of sovereign immunity as set forth in the Quiet Title Act, 28 U.S.C. § 2409a.  Doc. No. 188, p. 16.  Plaintiffs asserted, among other arguments, that the law of the case doctrine precluded defendant from making that argument.  Doc. No. 192, p. 28.  In other words, plaintiffs claimed that the Tenth Circuit's order which dissolved the TRO on the condition that the parties could obtain judicial review of the issues raised in the complaint, trumped any argument that taking the property into trust ousted this court's jurisdiction.  Plaintiffs stated in their reply brief:

> Both this Court and the Tenth Circuit expressly discussed the Quiet Title Act during oral arguments, and were apprised of the Defendants' unequivocal position that the QTA would bar this action once the land was taken into trust.  To prevent such a result, the Tenth Circuit preserved this Court's jurisdiction to adjudicate the lawfulness of Secretary Babbitt's actions herein . . .

Doc. No. 192, p. 29.

When this court issued our ruling, we agreed with the "law of the case" position taken by plaintiffs and rejected defendant's jurisdictional challenge.  <u>Sac and Fox Nation of Missouri v. Babbitt</u>, 92 F.Supp.2d 1121, 1126 n.1 (D.Kan. 2000).  Our ruling addressed some other issues in this case, but disposed of the case on the grounds that an indispensable party, the Wyandotte Tribe of

Oklahoma, had not been joined as a defendant and could not be joined because of sovereign immunity.

On appeal, the Tenth Circuit disagreed with this court's indispensable party analysis, made other decisions regarding various issues, and directed that the case be remanded for further administrative proceedings. Sac and Fox Nation of Missouri v. Norton, 240 F.3d 1250 (10th Cir. 2001). Sovereign immunity under the Quiet Title Act and its impact upon the court's jurisdiction was not discussed.

This court followed the Tenth Circuit's mandate and remanded the case for further administrative proceedings, but also closed the case. Doc. Nos. 233 & 234. It was a legal mistake to close the case. See Governor of the State of Kansas v. Kempthorne, 516 F.3d 833, 847 (10th Cir. 2008) (concurring opinion). However, no party asked for reconsideration or appealed that decision. At one point in the administrative proceedings, plaintiffs asked to supplement the record in this case with regard to those proceedings. This court rebuffed plaintiffs, indicating that this case was closed and that plaintiffs should file a new action for judicial review of the administrative proceedings. Doc. No. 239.

When the administrative proceedings were completed, a new case was filed to litigate the question of whether the Shriner Tract should have been taken into trust. This case was Governor of Kansas v. Norton, Case No. 03-4140. When this case reached the

3

Tenth Circuit, the Circuit treated the case as a quiet title action against the United States and decided that it did not have jurisdiction to consider the matter pursuant to the provisions of the Quiet Title Act.  Kempthorne, 516 F.3d at 846.

Section 2409a(a) of the Quiet Title Act provides for a limited waiver of sovereign immunity which permits the United States to be sued in quiet title actions.[1]  One of the limitations, however, is that the waiver does not apply to "trust or restricted Indian lands."  Because at the time Case No. 03-4140 was filed, the Shriner Tract was held in trust for an Indian tribe, the Tenth Circuit found that there was no jurisdiction to consider plaintiff's claims.

In a concurring opinion, it was suggested that plaintiffs should ask this court to reopen this case on the grounds that it was mistakenly closed and that there were extraordinary circumstances which justified reopening the case.  Kempthorne, 516

---

[1] Section 2409a(a) provides:
    The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights.  This section does not apply to trust or restricted Indian lands, nor does it apply to or affect actions which may be or could have been brought under sections 1346, 1347, 1491, or 2410 of this title, sections 7424, 7425, or 7426 of the Internal Revenue code of 1986, as amended (26 U.S.C. 7424, 7425, and 7426), or section 208 of the Act of July 10, 1952 (43 U.S.C. 666).

F.3d at 847.  Plaintiffs filed a motion to reopen this case, which this court granted without deciding whether this court retained jurisdiction.  Doc. No. 265.  Defendant has now filed a motion to dismiss this case for lack of subject matter jurisdiction.  Doc. No. 272.  This case is before the court upon that motion.

II.  <u>Arguments</u>

The motion to dismiss elaborates upon the argument made years ago that because the Shriner Tract is now held in trust for an Indian tribe, this court does not have jurisdiction to hear this case.  In response, plaintiffs contend that the "time of filing" rule should apply in this instance.[2]  Under the "time of filing" rule, jurisdiction is determined on the basis of the facts at the time of filing.  Of course, at the time of filing the Shriner Tract was not held in trust for an Indian tribe and plaintiffs asked for an injunction to prevent that from happening.  In reply, defendant contends that the "time of filing" rule is ordinarily reserved for diversity cases and cases where the facts can be manipulated to defeat jurisdiction.  Obviously, this is not a diversity case and defendant contends that the Shriner Tract was not taken into trust for the purpose of defeating the jurisdiction of this court, although that was the effect.

---

[2]  Plaintiffs do not make the "law of the case" argument and our reading of <u>Kempthorne</u> indicates that the Tenth Circuit does not believe that the issue of sovereign immunity under the Quiet Title Act was decided by the order dissolving the TRO and preserving the right to judicial review.

In addition to these issues, the motion to dismiss prompts the question of whether there is a difference between subject matter jurisdiction and sovereign immunity and whether that should have an impact upon the application of the time of filing rule.

III.   <u>Analysis</u>

A.   <u>The time of filing rule should not apply to this case</u>.

The court does not believe the time of filing rule should be applied in analyzing defendant's motion because the motion concerns an issue of sovereign immunity.   Sovereign immunity must be viewed in light of the relief being requested.   And, the relief requested in this case has changed since the time of filing.

Sovereign immunity is commonly discussed in jurisdictional terms.   See, e.g., <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983) ("the existence of consent is a prerequisite for jurisdiction."). But, cases and statutes also distinguish the two concepts.   In <u>Dames & Moore v. Regan</u>, 453 U.S. 654, 685 (1981) the Supreme Court stated:  "No one would suggest that a determination of sovereign immunity divests the courts of 'jurisdiction.'"  The Tenth Circuit held in <u>Neighbors for Rational Development v. Norton</u>, 379 F.3d 956, 961 (10th Cir. 2004) that jurisdiction under § 1331 did not waive sovereign immunity and "consequently, district court jurisdiction cannot be based on § 1331 unless some other statute waives sovereign immunity."  In other words, there must be a waiver of sovereign immunity <u>and</u> subject matter jurisdiction for a court

6

to proceed.  Arford v. U.S., 934 F.2d 229, 231 (9th Cir. 1991).

In the statutory context, § 2409a provides a limited waiver of sovereign immunity for quiet title actions against the United States.  But, 28 U.S.C. § 1346(f) provides for the subject matter jurisdiction of this court in quiet title actions under § 2409a.[3]

When this case was filed, plaintiffs did not allege § 1346(f) as a jurisdictional basis or claim § 2409a as a waiver of sovereign immunity.  This makes sense because the United States had not purchased the Shriner Tract or taken it into trust.  According to the complaint, the United States had published a final agency determination to purchase and take the land into trust.  Because the United States had not purchased an interest in the Shriner Tract and plaintiffs claimed no interest in the property, the dispute could not be considered a quiet title action.  But, this court had jurisdiction over the complaint because of various statutes which permit federal courts to hear claims alleging violations of administrative law and federal law by the government.  See 28 U.S.C. §§ 1331 (federal question jurisdiction), 1361 (mandamus jurisdiction), 1362 (original jurisdiction over federal question actions brought by Indian tribes).

The Tenth Circuit has suggested that the issue in this case is

_____

[3] Section 1346(f) provides: "The district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States."

whether the government can "divest" this court of "jurisdiction" by taking the Shriner Tract into trust.  <u>Kempthorne</u>, 516 F.3d at 844 n. 5.  Another way of stating the issue is whether the government can activate or access its sovereign immunity by purchasing the land and taking it into trust or whether sovereign immunity must be determined on the basis of the facts at the time the complaint was filed.

Although an amended complaint has not been filed and no request to amend the complaint has been made, there appears to be no dispute that the relief plaintiffs have in mind <u>at the present time</u> is to remove the Shriner Tract from being held in trust or to somehow encumber how the land will be used while it remains in trust.  If the court asked plaintiffs to file a motion to amend the complaint to ask to remove the Shriner Tract from trust status, the issue would become whether such an amendment would be futile because of sovereign immunity.  Therefore, the court will proceed to address the questions of sovereign immunity and jurisdiction as if the relief requested by plaintiffs is to mandate that the Shriner Tract be removed from trust or to mandate restrictions upon the use of the land while it remains in trust.

It should also be noted that when land is taken into trust for an Indian tribe, the land is considered "Indian country" and is under the primary control of the federal government and the Indian tribe, not state or local authority.  <u>Alaska v. Native Village of</u>

8

Venetie Tribal Government, 522 U.S. 520, 529-31 (1998).  Therefore, if the relief requested by plaintiffs is to limit the use of the Shriner Tract, it would be like removing the land from trust because it would be placing restrictions upon how the land is used. That is why actions to restrict the intended use of Indian trust land have been considered the type of actions to which the sovereign immunity provisions of § 2409a apply, even when the plaintiffs do not claim an interest in the land.  Neighbors, 379 F.3d at 961-66; Kempthorne, 516 F.3d at 842-43.  While it may seem odd to treat an action in which the plaintiffs do not claim an interest in property as a "quiet title" action, that is how these cases have been treated because they seek to place limits upon how land is used by its alleged owners.

Since this case qualifies as a quiet title action, the issue is whether this court has jurisdiction and whether the government has sovereign immunity against this quiet title action.  There are different ways of looking at this issue, but each way favors the government.  One way is to consider the question of mootness. Mootness has jurisdictional implications.  See McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996) (mootness is a threshold issue to federal court jurisdiction).  When the facts of a case change to make a case moot, the court loses jurisdiction and does not decide the case.  Id.  There are exceptions to the time of filing rule, one of which is mootness.  Id., ("it is . . . not

enough that the dispute was alive when the suit was filed"). Obviously, a case may become moot because of facts which develop after the time of filing. One aspect of mootness is redressability. "A case is moot when it is impossible for the court to grant any effectual relief whatever to a prevailing party." In re Overland Park Finance Corporation, 236 F.3d 1246, 1254 (10th Cir. 2001) (internal quotation marks omitted). If a claim cannot be redressed, then the case is moot. Here, there is no waiver of sovereign immunity since the land is in trust for an Indian tribe. Therefore, the relief desired by plaintiffs cannot be granted. The case is moot and this court does not have jurisdiction under a well-accepted exception to the time of filing rule.

Another way of looking at the issue is to consider whether the time of filing rule should apply to questions of sovereign immunity. Sovereign immunity doctrines affect the relief that a court may or may not order against a party. Relief cannot be ordered against the United States unless a statute passed by Congress makes a remedy available. See U.S. v. Testan, 424 U.S. 392, 399-403 (1976); United States v. County of Cook, 167 F.3d 381, 385 (7th Cir.) cert. denied, 528 U.S. 1019 (1999). When the relief requested changes because of a change in the facts of the case, it makes sense that any waiver of sovereign immunity previously found must be reconsidered. In this case, the facts have changed such that plaintiffs are raising a quiet title claim. However, there is

no statutory waiver of sovereign immunity which permits a quiet title action against the United States when the land in question is held in trust for an Indian tribe.

In sum, the time of filing rule does not apply to secure the jurisdiction of the court in this case because at the time of filing this was not a quiet title action.   Now, it must be considered a quiet title action because the land is in trust and must be considered Indian country, and plaintiffs seek to limit how the property is used.   The doctrine of sovereign immunity, however, prevents this relief from being ordered involving land held in trust for an Indian tribe.   Therefore, jurisdiction is lacking on the basis of mootness and the case must be dismissed on the grounds of sovereign immunity.

B.   <u>Plaintiffs' cases are not persuasive</u>.

Plaintiffs have cited numerous cases in support of a time of filing approach in this case.   These cases do not persuade this court.

Plaintiffs argue that the Supreme Court has held "implicitly" that jurisdiction under the Quiet Title Act is determined at the filing of the complaint.   Plaintiffs refer to <u>Department of Interior v. South Dakota</u>, 519 U.S. 919 (1996) to support this position.   In <u>Department of Interior</u>, the State of South Dakota and a municipality in South Dakota, filed an action seeking judicial review under the Administrative Procedures Act to prevent the

government from taking a tract of land into trust for the Lower Brule Tribe of Sioux Indians.  It was also claimed that the statute authorizing the acquisition of the land was an unconstitutional delegation of legislative power.  While the case was pending, the government did take the land into trust for the tribe.  The district court rejected the constitutional argument and dismissed the case, holding that it had no jurisdiction to review the plaintiffs' other claims because of the provisions of § 2409a which do not waive sovereign immunity for quiet title cases involving land held in trust for Indian tribes.  Without discussing jurisdiction or sovereign immunity, the Eighth Circuit agreed with the constitutional claim and reversed the district court.  In Department of Interior, the Supreme Court granted review of the Eighth Circuit's opinion, vacated the judgment and remanded with instructions to vacate the judgment of the district court and remand the matter to the Secretary of Interior.  The Court gave no reasons for this decision and did not discuss the constitutional or jurisdictional questions raised by the lower courts.  A brief dissent by three Justices indicated that the government had changed its position in the case and that this led to the decision to vacate the judgment and remand the case without explanation.  The dissent was critical of the decision to grant, vacate and remand without explanation in a case in which a federal law had been found unconstitutional and jurisdictional issues had been raised.

The government's change of position led to the promulgation of new regulations that provided for judicial review of a decision to take land into trust prior to the time the land was taken into trust. See South Dakota v. U.S. Dept. Of Interior, 423 F.3d 790, 793 (8th Cir. 2005) cert. denied, 127 S.Ct. 67 (2006). After remand of the case to the Secretary of Interior, the government voluntarily removed the land from trust status, allowing the process of administrative and judicial review to be restarted. Eventually, the decision to take the land into trust was approved and affirmed after judicial review. Id.

Plaintiffs contend that when the Supreme Court exercised jurisdiction over the case after the land had been taken into trust, it must have decided that it was proper to determine the jurisdictional and sovereign immunity questions on the basis of the facts which existed at the time the lawsuit was filed, when the land had not been taken into trust.[4] But, this is all supposition regarding the Court's "implicit" holding. Not a word was stated regarding these issues. Consequently, the court does not find that the Department of Interior case should control this court's decision.

Many of the cases cited by plaintiffs involve issues of subject matter jurisdiction which have no connection to sovereign

---

[4] It could be argued that the Tenth Circuit made the same "implicit" holding when it decided the appeal of this case at 240 F.3d 1250.

13

immunity.  Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826 (1989) (diversity jurisdiction); Freeport-McMoKan, Inc. v. K N Energy, Inc., 498 U.S. 426 (1991) (diversity jurisdiction); St.Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938) (diversity jurisdiction in a removal case).

Other cases do not involve situations where there was a post-filing change in the relief requested which had an impact upon sovereign immunity.  For instance, in Rosa v. Resolution Trust Corp., 938 F.2d 383 (3rd Cir.) cert. denied, 502 U.S. 981 (1991) the court held that an exhaustion requirement for bringing claims against the RTC as a receiver did not apply to claims brought against the RTC as a conservator because the statute referred to claims against an institution for which the RTC had been appointed receiver.  In making this ruling the court noted that for one of the three depository institutions involved, the RTC had acted as a conservator at the time the complaint was filed, but became a receiver during the appeals process.  There is no indication in the opinion that an argument was made by the RTC that the change from conservator to receiver ousted the jurisdiction of the court.  Nor does the case involve a fact situation in which the relief claimed by the plaintiffs changed during the litigation.  It should also be noted that later cases appear to have found an exhaustion requirement under similar circumstances.  See Holmes Financial Associates v. Resolution Trust Corp., 33 F.3d 561, 563 n.1 (6th Cir.

14

1994) (citing cases).

In Washington International Ins. Co. v. United States, 138 F.Supp.2d 1314, 1325 (C.I.T. 2001) the Court of International Trade held that its jurisdiction to decide actions filed to review the Customs Service's denial of a protest could not be ousted by the Customs Service's reconsideration ("reliquidation") of the protest which was done after the action to review the protest had already been filed in the Court of International Trade.   The Customs Service argued that the reconsideration of the protest required the plaintiff to file a protest of the decision upon reconsideration. The court's ruling involved a construction of a jurisdictional statute, 28 U.S.C. § 1581(a), in step with time of filing principles.   But, it did not involve sovereign immunity or a mid-litigation modification in the claim for relief.

In F. Alderete General Contractors, Inc. v. U.S., 715 F.2d 1476 (Fed.Cir. 1983) a request for injunctive relief against award of contract was transferred to the Court of Claims.   A day after the transfer, the contract was awarded and the Court of Claims therefore held that it no longer had jurisdiction.   On appeal, the Federal Circuit Court held that pursuant to the language of the jurisdictional statute (28 U.S.C. § 1491(a)(3)), since the claim was brought "before the contract [was] awarded," the Court of Claims maintained jurisdiction to issue injunctive relief.   This included the authority to issue mandatory injunctive relief

consistent with a court's power to restore the status quo when a party acts with notice of an impending injunctive proceeding to perform the action to be enjoined.  The Federal Circuit also held that its ruling was consistent with the federal statute governing the transfer of court actions, 28 U.S.C. § 1631, which institutes a time of filing approach for cases transferred from one court to another.  This case is distinguishable from the case at bar because its holding is consistent with two federal statutes as well as the authority of a court to issue injunctive relief to protect the status quo.  In the case at bar, the exercise of jurisdiction is contrary to § 2409a and the action to take the land into trust was not performed in the face of an application for injunctive relief.  Instead, the action was anticipated by the parties and the court after the TRO was dissolved.

Some of these cases cited by plaintiffs involved quiet title claims made under 28 U.S.C. § 2410 at the time the complaint was filed.  See Kabakjian v. U.S., 267 F.3d 208 (3rd Cir. 2001); Kulawy v. U.S., 917 F.2d 729, 733 (2nd Cir. 1990); TMG II v. U.S., 778 F.Supp. 37 (D.D.C. 1991).  Section 2410 waives sovereign immunity for cases seeking to quiet title to real or personal property on which the United States has a mortgage or lien.  These cases involve situations in which after the case was filed, the government either sold the property and released the lien or purchased the property and extinguished the lien.  In any event,

these cases do not involve situations in which a claim of relief was altered after the time of filing in a manner which implicated sovereign immunity.   Furthermore, these cases involve a statute waiving sovereign immunity that does not contain provisions such as §2409a(e).   This provision of the Quiet Title Act appears to contemplate a disclaimer of interest during the pendency of a lawsuit which would cause a court's jurisdiction to cease.[5]

Finally, three of the cases cited by plaintiffs regarding the time of filing rule make reference to § 2409a.   The oldest of those cases is Bank of Hemet v. United States, 643 F.2d 661 (9th Cir. 1981).   In Bank of Hemet, the United States held an interest in property which was subordinate to two other lienholders.   The senior lienholder brought a foreclosure action on the property. The Bank of Hemet and the government had notice of the foreclosure sale.   The Bank of Hemet purchased the property for two dollars more than the amount of the senior lienholder's lien.   The government later sought to exercise its right to redeem the property by tendering to the Bank of Hemet a check for the amount of the bank's bid plus interest.   The Bank of Hemet accepted the

---

[5] Section 2409a(e) provides:
If the United States disclaims all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease unless it has jurisdiction of the civil action or suit on ground other than and independent of the authority conferred by section 1346(f) of this title.

17

government's bid but reserved its rights to contest the tender because the bid did not leave the bank with a means to recover its debt.  The Bank of Hemet sued in district court to attempt to stop the sale of the property by the government, to quiet title in the property in the name of the Bank, and to allege that the government's purchase of the property amounted to an unconstitutional taking.  At the time the lawsuit was filed, the government still owned the property.  Prior to the time of being served with process, however, the government sold the property for an amount that would not cover the first and second liens on the property.

The Ninth Circuit rejected the government's claim of sovereign immunity, emphasizing that at the time the lawsuit was filed, the United States claimed title to the property and, therefore, the waiver of sovereign immunity applied under § 2409a and jurisdiction was proper under § 1346(f).  Obviously, the instant case is different because at the time this lawsuit was filed, there were no grounds to find a waiver of sovereign immunity under § 2409a or jurisdiction under § 1346(f).  At the time this case was filed, the government had no interest in the Shriner Tract, just the intention to purchase the property.  Therefore, unlike the instant case, in Bank of Hemet the claim for relief did not change from the time of

filing.[6]

The other two cases cited by plaintiffs which mention § 2409a are <u>Delta Savings and Loan Ass'n v. I.R.S.</u>, 847 F.2d 248 (5th Cir. 1988) and <u>LaFarque v. U.S.</u>, 4 F.Supp.2d 580 (E.D. La. 1998) <u>aff'd</u>, 193 F.3d 516 (5th Cir. 1999) <u>cert. denied</u>, 529 U.S. 1108 (2000). <u>Delta Savings</u> was like <u>Bank of Hemet</u> in that it involved a dispute regarding whether the government tendered the correct amount when it redeemed property that had been sold to satisfy a prior mortgage.  The Fifth Circuit treated it as a quiet title action and found that the government's sale of the property after the plaintiff had filed the case and a <u>lis pendens</u> did not oust the court of jurisdiction under § 2409a and § 1346(f).  In <u>LaFarque</u>, plaintiffs brought a more traditional quiet title claim.  They asserted that servitudes granted to the government for a pipeline had reverted back to the plaintiffs and, therefore, the government could not transfer those interests to a natural gas company. Shortly after the case was filed, the government did sell its interest in the pipeline to the company.  The court held that the government's sale of the property did not oust the jurisdiction of

---

[6] While the claim for relief did not appear to change from the time of filing, it should be noted that the Ninth Circuit found that quiet title relief should not be granted because the government had sold its interest in the property.  643 F.2d at 670. The relief approved by the Ninth Circuit fell under § 2410(d) which governs the redemption rights of the United States, even though the Ninth Circuit held that there was no waiver of sovereign immunity under § 2410.

the court under § 2409a and § 1346(f).

Once again, unlike Delta Savings and LaFarque, this case did not qualify as a quiet title action and jurisdiction was not proper under § 1346(f) at the time of filing. The claim for relief also changed after the case was filed, unlike Delta Savings and LaFarque.

In addition, § 2409a has provisions for disclaiming interest and ceasing jurisdiction which may apply when the government sells property as it did in Bank of Hemet, Delta Savings and LaFarque, but which obviously do not apply when the government purchases land in trust for an Indian tribe. Under § 2409a(e), the government may "disclaim all interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial" and thereby cause the jurisdiction of the court to cease when the disclaimer is "confirmed by order of the court."

There was no such confirmation order by the court allowing jurisdiction to cease under § 2409a(e) in any of the three above-mentioned cases. Nor did the government expressly assert a disclaimer of all interest in Bank of Hemet or Delta Savings. In LaFarque, the government did assert a disclaimer but the court held that a disclaimer under § 2409a(e) did not contemplate one based on the sale of the government's interest after the filing of a quiet title action. 4 F.Supp.2d at 589-90. In any event, these cases

are distinguishable because, whereas Congress has made a confirmation order a condition upon the government's disclaimer of interest and invocation of sovereign immunity, there is no such condition upon the assertion of sovereign immunity when land is held in trust for an Indian tribe.

      C.  <u>Other factors</u>

The court understands that the claim of relief in this case has changed from the time of filing because of the actions of the defendant, not plaintiffs, and that one of the purposes of the time of filing rule is to prevent parties from strategically manipulating facts to foil the jurisdictional basis for a lawsuit. It was the government which took the Shriner Tract into trust after the TRO was dissolved by the Tenth Circuit, and thereby placed it in a position to make the jurisdictional argument advanced in the instant motion to dismiss.   However, equitable concerns cannot trump settled principles of sovereign immunity.  <u>Kempthorne</u>, 516 F.3d at 846; <u>U.S. v. Murdock Mach. And Engineering Co.</u>, 81 F.3d 922, 932 n. 9 (10th Cir. 1996).

In addition, we note that this holding is consistent with the principles favoring the sovereign when deciding questions of sovereign immunity.  See <u>Haceesa v. United States</u>, 309 F.3d 722, 728 (10th Cir. 2002) <u>cert. denied</u>, 540 U.S. 814 (2003) (a waiver of sovereign immunity "must be construed strictly in favor of the sovereign and not enlarged beyond what its language requires"); <u>FTC</u>

21

v. Kuykendall, 466 F.3d 1149, 1154 (10th Cir. 2006) (waivers of sovereign immunity cannot be implied).  It is also consistent with the intent of the Quiet Title Act to enforce the commitments of the government to Indian tribes when the government takes land into trust.  See Neighbors, 379 F.3d at 962.

Finally, the court believes we should be wary of employing a judge-made doctrine, such as the time of filing rule, to overcome an assertion of sovereign immunity, when it is often held that only Congress can waive sovereign immunity.  E.g., Kempthorne, 516 F.3d at 845.

D.  Summary

In summary, the court believes the time of filing rule should not be applied in this case to find a waiver of sovereign immunity for the following reasons.  First, at the time of filing, the facts alleged by plaintiffs did not support jurisdiction over a quiet title action.  This point distinguishes this case from the quiet title cases cited by plaintiffs.  Second, it is a critical fact that the relief desired by plaintiffs in this case has changed since the time of filing because sovereign immunity must be considered in the context of the relief being requested.  Third, under § 2409a, sovereign immunity has not been waived in a situation in which plaintiffs are asking for land to be removed from trust status and, therefore, this case is moot.  As noted, the time of filing rule does not apply to issues of mootness.  Fourth,

plaintiffs may argue that there are cases in which government action after the commencement of litigation failed to oust the court's jurisdiction. But, in those cases, the facts at the time of filing supported the jurisdiction of the court for the relief that was being requested at that time of the case. Here, the facts at the time of filing do not support a quiet title action, and the facts at the present time do not support jurisdiction over a quiet title action. Finally, the equitable factors in favor of finding a waiver of sovereign immunity are ordinarily given little force.

IV. Conclusion

The defendant's motion to dismiss is granted.

**IT IS SO ORDERED.**

Dated this 10th day of September, 2008 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge